COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MAGIC PAN INTERNATIONAL, INC.
AND
VIGILANT INSURANCE COMPANY
                                        MEMORANDUM OPINION[*]
v.   Record No. 1482-97-4                    PER CURIAM
                                          OCTOBER 21, 1997
DOROTHY LUCILLE ROBERTSON


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (Robert C. Baker, Jr.; Mell, Brownell &
                 Baker, on brief), for appellants.

                 (Alan J. Ackerman; Stien, Braunstein &
                 Associates, on brief), for appellee.



     Magic Pan International, Inc. and its insurer (hereinafter

referred to as "employer") appeal a decision of the Workers'

Compensation Commission holding employer responsible for various

medical expenses incurred by Dorothy Lucille Robertson

(claimant).  Employer contends that the commission erred in

finding it responsible for the cost of (1) medical treatment

rendered by City Hospital to claimant from July 1992 through

October 1995; and (2) diagnostic testing recommended by Dr. Bruce

Ammerman.  Finding no error, we affirm.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     On January 18, 1985, claimant sustained a compensable back

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

injury.  Thereafter, she underwent several back surgeries.  On October 13, 1988, the commission approved a compromise settlement between the parties, which provided for lifetime medical benefits.  Claimant re-injured her back on August 29, 1991.  Thereafter, employer disputed its responsibility for various medical expenses incurred after the August 29, 1991 re-injury.[1]

On December 31, 1993, Dr. Ammerman wrote that claimant's "symptomatology has waxed and waned over the last several years and does not appear to have been affected by the 8/29/91 slip."  On January 18, 1994, Dr. Ammerman wrote that claimant's ongoing treatment through the latter part of 1991, 1992, and through 1993, "has continued to be directly related to residuals of lumbar disc disease and multiple operative procedures as a result of her 1/18/85 work-related injury."

Dr. Marvin G. Korengold, who reviewed claimant's medical records upon employer's request, opined that all of the treatment in question was related to the August 1991 incident.

In holding employer responsible for the disputed medical expenses, the commission found as follows:

> The Deputy Commissioner rejected the

---

[1]On March 7, 1995, this Court summarily affirmed the commission's July 27, 1994 decision.  That decision found employer (a) not responsible for medical bills directly related to the second injury, (b) responsible for emergency outpatient and inpatient treatment at City Hospital from March 15, 1992 through December 21, 1992, and related physician's charges, including charges of Dr. Estigoy and Dr. DeBoard, and (c) responsible for a May 11, 1992 MRI ordered by Dr. Ammerman.  See Magic Pan Int'l Inc. v. Robertson, Record No. 1597-94-4 (Va. Ct. App. Mar. 7, 1995).

2

employer's arguments, finding that treatment rendered at City Hospital from July, 1992, through October, 1995, was related to the 1985 injury and that the 1991 injury had long since resolved. The 1993 and 1994 letters written by Dr. Ammerman support this conclusion, as do the subsequent hospital reports which reference the claimant's history of discogenic disease and multiple back surgeries including a failed fusion performed as a result of the 1985 injury. The hospital reports also describe "severe" back pain and diagnose "acute" exacerbations and we find that the treatment was reasonable and necessary as well as causally related to the 1985 injury.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinions of Dr. Ammerman, the treating physician. The commission was also entitled to reject Dr. Korengold's opinion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Dr. Ammerman's opinions and the hospital medical records constitute credible evidence to support the commission's decision.

Because the commission's findings are supported by credible evidence, they are binding and conclusive on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Accordingly, we affirm the commission's decision.

Affirmed.